UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER HOWART,

    Plaintiff,

v.                                                                                    Case No. 04-73087

BYRON AREA SCHOOL DISTRICT,                                  HON. AVERN COHN
BYRON AREA SCHOOLS, and
DR. MARK MILLER, Superintendent,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DIRECTING THE ENTRY OF A NEW SCHEDULING ORDER

I.

This is an employment case.  Plaintiff Jennifer Howart is suing defendants Byron Area School District, Bryon Area Schools, and Dr. Mark Miller, Superintendent.  Plaintiff worked for the defendant school district as a bus driver.  She claims she was terminated for absences associated with her known medical condition, muscular dystrophy.  Plaintiff claims (1) violation of the Persons With Disabilities Act, (2) violation of procedural due process under § 1983 and § 1988, and (3) violation of substantive due process rights under § 1983 and § 1988.  Before the Court is plaintiff's motion to amend the complaint to add the Byron Area School District Board of Education and Scott Turpin as defendants.  Plaintiff says that during the deposition of Miller, plaintiff learned that these defendants were also involved in plaintiff's termination.  For the reasons that follow, the motion is GRANTED.

II.

Under Fed.R.Civ.P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires."  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).  This discretion, however, is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."  See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).  In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973).  See also Foman v. Davis, 371 U.S. 178, 182 (1962).  Delay by itself is not sufficient to deny a motion to amend.  Hagerman, 486 F.2d at 484.  See also General Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990).  Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent."  Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).

III.

Defendants object[1] to the amendment on the grounds that the Byron Area School

---

[1]Plaintiff filed the motion to amend on July 8, 2005.  Defendants did not timely respond.  Indeed, defendants did not file a response until the Court contacted them an

District Board of Education is not a separate entity capable of being sued and on the grounds that should Turpin be added to the case at this point, additional discovery would be required. Neither argument is persuasive. While it may be that the Bryon Area School District is not a separate legal entity, that issue is more appropriately the subject of a motion to dismiss. It appears that defendants' real concern is scheduling. This concern, however, will be ameliorated with the entry of a new scheduling order, extending all dates for 90 days.

      SO ORDERED.

                                                  s/Avern Cohn
                                                       AVERN COHN
Dated:                                  UNITED STATES DISTRICT JUDGE
      Detroit, Michigan

---

inquired whether a response was forthcoming. Defendants eventually filed a response on October 27, 2005.