**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JENNIFER HOWART,

       Plaintiff,                        Case No. 04-73087
                                         Judge Avern Cohn

v.

BYRON AREA SCHOOL DISTRICT,
BYRON AREA SCHOOLS,
BYRON AREA SCHOOL DISTRICT BOARD OF EDUCATION,
DR. MARK MILLER, and SCOTT TURPIN,

       Defendants.

_____/

**ORDER DENYING (1) PLAINTIFF'S MOTION FOR RECONSIDERATION;
(2) PLAINTIFF'S MOTION TO AMEND HER COMPLAINT; AND (3) DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER**

**I. Introduction**

On April 25, 2007, the Court entered an order and memorandum granting in part and denying in part defendants' motion for summary judgment (the Order). Before the Court is Plaintiff's motion to reconsider parts B, C, and D, of the Order under FED. R. CIV. P. 59(e). In section B, the Court dismissed Howart's breach of contract claim. In section C, the Court dismissed Howart's procedural due process claim. In section D, the Court dismissed Howart's substantive due process claim.

Howart also moves for leave to amend her third amended complaint in order to add a claim that the defendants violated her right to equal protection under the Fourteenth Amendment to the Constitution.

Finally, the defendants move to dismiss for lack of federal subject matter as

1

Howart's only surviving claim is brought under the Michigan Persons with Disabilities Civil Rights Act.

For the reasons that follow: (1) Howart's motion to reconsider is DENIED; (2) Howart's motion for leave to amend is DENIED; and (3) The defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

## II. Howart's Motion to Reconsider

### A. Standard

A motion for reconsideration will not be granted if it "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).

### B. Argument

**1.**

Howart claims that under a theory of express or implied contract, a document called the "Bus Driver Contract" constitutes a binding employment contract between her and the defendants. In particular, Howart argues that the Bus Driver Contract, along with statements by defendant Turpin established that employees could only be terminated for "just cause" after going through a graduated disciplinary process. The Court disagreed for the following reasons:

> While Howart provides evidence that the Bus Driver Contract was intended to be binding, the document does not cover disciplinary procedures. Instead, the Bus Driver contract leaves matters not specifically addressed in [the] document at the Board's discretion. Also,

2

> Howart has presented no evidence that the bus drivers negotiated for a
> graduated disciplinary process in the Bus Driver Contract.   The provision
> stating that the Board "will maintain a reasonable and consistent standard
> of job performance, objectively reflecting these standards in decisions
> which affect your promotion, compensation and retention" is simply too
> vague to establish a set disciplinary procedure.  Moreover, Howart's
> position is further undermined by the fact that while general disciplinary
> procedures are not addressed, the Bus Driver Contract specifically
> provides that the District may require medical verification for sick leave,
> and may take disciplinary action against an employee for not providing
> verification.
>         Likewise, there is no evidence that Turpin's alleged statements
> regarding a graduated disciplinary procedure was the result of negotiation
> between the defendants and the bus drivers.  Turpin's alleged statements
> are not clear and unequivocal.  Neither are they clear enough to amount to
> a promise forming an implied contract.  Several bus drivers were deposed,
> and those who recalled Turpin saying that there was some sort of
> graduated disciplinary procedure could not consistently articulate what
> they believed the procedure entailed.

Order at pp. 19 -20.

Howart further argued that because she could only be terminated for "just cause", she possessed procedural due process rights which were violated by her termination.  The Court dismissed Howart's procedural due process claim after finding that she was an at-will employee. Order at p. 22.[1]

**2.**

Howart says that the Court erred in dismissing her contract claim, and in turn, for dismissing her procedural and substantive due process claims because at the January 31, 2007 hearing on the motion for summary judgment counsel for the defendants (Mr. Mullins) admitted that there was a contract between the school district and the bus drivers which gave the  bus drivers an expectation in continued employment.  Howart

---

[1] Howart's substantive due process claim is actually an equal protection claim, and is discussed in Section III.

points to page nine (9) of the hearing transcript which documents the following exchange between the Court and defense counsel:

> **The Court**: [The Bus Driver Contract] says: "We will maintain reasonable, consistent standards of job performance objectively reflecting these standards and decisions which effect your promotion, compensation, and retention."
> What does the word "retention" mean? It means your continued employment.
>
> **Mr. Mullins**: I wouldn't dispute that.
>
> **The Court:** What?
>
> **Mr. Mullins:** I wouldn't dispute that.
>
> **The Court:** Well continued retention means your employment. It also means something about objective standards if we discharge you. Would you say that?
>
> **Mr. Mullins:** Well, ... It doesn't set forth the just cause standard.

\*\*\*

Howart argues that Mr. Mullin's agreement with the Court's statement that the provision as to objective standards governs the retention of employees constitutes a binding admission that the Bus Driver Contract was an employment contract, and that the defendants had to have an objective reason (i.e. just cause) to terminate to terminate her.

Howart also argues that the Court erred in dismissing her procedural due process claim on grounds that there was no clear and unequivocal statement that a graduated disciplinary procedure was required prior to termination because "Counsel for the Defendants did not argue with the Court's contention that a hearing of some sort was required. He merely stated that the contract doesn't call for a hearing, but he did

not argue with the fact that a hearing was required."

## C. Resolution

Howart's arguments are unavailing. In general, a statement made by counsel may be considered an admission on the client only if counsel's statement, when taken in context, is clear and unambiguous. Levinsky's, Inc. v. Wal-Mart Stores, Inc. 127 F.3d 122, 134 (1st Cir.1997). Here, a review of the hearing transcript establishes that Mr. Mullins did not clearly and unambiguously state that the Bus Driver Contract was a binding employment contract or that the bus drivers could only be terminated for just cause. First, Mr. Mullins specially asserts that the contract does not specifically set forth a just cause standard. This directly contradicts Howart's argument that Mr. Mullins admitted that the employees could only be terminated for just cause. Second, Howart distorts Mr. Mullin's testimony by omitting a crucial portion of his response immediately preceding his assertion that the Bus Driver Contract does not specifically set forth a just cause standard. In response to the Court's question: "Well continued retention means your employment. It also means something about objective standards if we discharge you. Would you say that?" Mr. Mullins <u>actually</u> responded : "Well <u>it still retains discretion to that of the employer</u>. It doesn't set forth the just cause standard." (Underlining added). Thus, Mr. Mullins argued at the hearing, as he did in the defendant's briefs, that the Bus Driver Contract left disciplinary matters at the discretion of the school board, and also refutes Howart's argument that the school board had to provide an objective reason for terminating her.

Next, Howart's contention that Mr. Mullins admitted that she was entitled to a

5

hearing (or any other procedural due process) because he did not "argue with the fact that a hearing was required" shows a misunderstanding of the Court's dialogue with Mr. Mullins. The Court never stated that as a factual matter Howart was entitled to a hearing. The Court's question was designed to probe the meaning of the contractual language being disputed. Mr. Mullin's full response to the Court's inquiry was: "[t]hey did not give her a hearing that is true, but the contract doesn't call for a hearing." Mr. Mullins response is clearly in line with the defendant's position that Howart did not have procedural due process rights regarding the termination of her employment.

Accordingly, Howart has not identified a palpable defect in the Court's decision and her motion for reconsideration must be denied.

### III. Howart's Motion For Leave to Amend Her Third-Amended Complaint

#### A. Standard

Under FED. R. CIV. P. 15(a), a party may amend their pleadings after 20 days "only by leave of courts or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not to permit the amendment is committed to the discretion of the trial court. See e.g. Zenith Radio Corp v. Hazeltine Research, Inc., 401 U.S. 321, 330-332 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir.1980). This discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure

6

deficiencies by previous amendment, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973). Delay by itself is not sufficient to deny a motion to amend. Id. at 484. Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).

Moreover, when an amendment is sought at a late stage in the litigation, there is an increased burden to show justification on the part of the party requesting the amendment." Wade v. Knoxville Util. Bd., 259 F.3d 452, 459 (6th Cir. 2001) (upholding the district court's decision to deny leave to amend complaint at the summary judgment level of the litigation); Duggins v. Steak n'Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (upholding the district court's decision to deny leave to amend complaint at the summary judgment level of the litigation).

### B. Argument

In dismissing Howart's substantive due process claim, the Court explained that Howart was actually arguing that her right to equal protection had been violated. The Court declined to address the merits of the claim as Howart had already been allowed to amend her complaint three times and failed to bring an equal protection claim .

Howart now seeks leave to amend her third amended complaint and add an equal protection claim. Howart argues that she should be allowed to amend because there has been no undue delay or bad faith in bringing the claim. Howart says her efforts to amend are a prompt effort to remedy pleading deficiencies identified by the Court. Howart also argues that the defendants will not be prejudiced by the addition of

7

an equal protection because she has always argued that her employers subjected her to disparate treatment on the basis of her disability.

## C. Resolution

At some point, litigation must come to a close. Howart filed this case nearly three years ago. She has already amended her complaint three times and has failed to cure the deficiency by previous amendment.

Next, discovery was completed on September 25, 2006, and dispositive motions were filed in the fall of 2006. Howart first asserted an equal protection claim under the guise of a substantive due process claim in her response brief. Thus, while she knew she was pursing an equal protection violation claim, she did not at this time attempt to amend her complaint. This displays a lack of diligence and constitutes undue delay in correcting a known deficiency in the Complaint.

Moreover, Howart's argument that the defendants will not be prejudiced because she has always alleged disparate treatment and that the Defendant's would not need to re-open discovery is unavailing.[2] First, it merely highlights her lack of diligence in bringing the claim sooner, as Howart was aware of the facts forming the basis of her claim since at least the close of discovery. Second, at this late stage, allowing Howart to add a new claim is in itself significantly prejudicial to the defendants as they are denied their "anticipated closure." Sosby v. Miller Brewing Co., 2006 U.S. App. LEXIS 29194.

Finally, the addition of an equal protection claim would be futile. Howart laid forth

---

[2] The Defendants argue that they would need to re-open discovery as they did not anticipate defending this claim.

her arguments concerning the merits of her claim in the response briefs. The defendants responded to the merits of the claim. The Court finds that Howart would not have passed summary judgment, therefore it would be prejudicial to the defendants to allow Howart to bring this claim formally and require the defendants to once again defend against the claim.

The basis for Howart's equal protection violation claim is that she has been treated differently than her co-workers because she suffers from Charcot-Marie-Tooth Disease. The disabled are not a protected class for purposes of an equal protection analysis. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001). Therefore, Howart's claim would be reviewed under a rational basis analysis. Under this standard, the defendants need only assert a legitimate governmental reason for treating her differently than her co-workers to meet the rational basis requirement. Id. at 364. Here the defendants assert that Howart was absent more times than any of her co-workers, and that they had sent her a warning letter that she would be disciplined (including the possibility of termination) if she was absent without verification of an illness. After receiving this letter, Howart failed to show up for work without providing notice to the defendants. The defendants assert that the government has a legitimate interest in ensuring that bus drivers show up to work in order to ensure the timely transportation of students to school, and to ensure their safety. The Court agrees. Thus, on its face, the government offered a rational reason for terminating Howart. The rational basis review ends here and Howart's claim would be dismissed on the merits because unlike her claim under the Michigan Persons with Disabilities Civil Rights Act -- where the employer may rebut the employer's proffered reason for disparate treatment -

- rational basis review defers to the government's proffered reason so long as it is reasonable. See Mass. Bd. of Retirement v. Murgia, 427 U.S. 307, 314 (1976) ([rational basis] review is typically quite deferential; legislative classifications are "presumed to be valid").

Accordingly, Howart's motion for leave to amend is denied.

### IV.  Defendants Motion to Dismiss For Lack of Federal Subject Matter

Pursuant to 28 U.S.C. § 1367(c)(3) it is within the Court's discretion to exercise supplemental jurisdiction over a state law claim.  The Court declines to dismiss Howart's remaining state law claim for lack of federal subject matter.

### V.  Conclusion

The Court has denied the three motions discussed in this order for the reasons stated above.

SO ORDERED.


Dated:  June 28, 2007        s/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 28, 2007, by electronic and/or ordinary mail.

                             s/Julie Owens
                             Case Manager, (313) 234-5160